HOWARD KOLLITZ (State Bar No. 059611)
hkollitz@dgdk.com
MATTHEW F. KENNEDY (State Bar No. 199485)
mkennedy@dgdk.com
STEVEN J. SCHWARTZ (State Bar No. 200586)
sschwartz@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Richard K. Diamond, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2-08-bk-23318-SB |
| CENTURY CITY DOCTORS HOSPITAL, LLC, | Chapter 7 |
| Debtor. | |
| RICHARD K. DIAMOND, Chapter 7 Trustee, | Adv. No. |
| Plaintiff, | **COMPLAINT TO AVOID AND RECOVER VALUE OF PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS** |
| vs. | |
| CAPITAL TEMP FUNDS, INC., | Date: SEE SUMMONS |
| Defendant. | Time: SEE SUMMONS |
| | Place: SEE SUMMONS |

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This Bankruptcy Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O). This proceeding arises under, arises in or is related to the Bankruptcy Case of In re Century City Doctors Hospital, LLC, case no. 2:08-bk-23318-SB, presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division, under Chapter 7 of the Bankruptcy Code. The Court can and should enter a final judgment herein.

-1-

353830.1 [XP]    0823318A

2. Venue of this action in this Bankruptcy Court is proper pursuant to 11 U.S.C. § 1409(a).

3. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

## THE PARTIES

4. The Bankruptcy Case was commenced on or about August 22, 2008 (the "Petition Date"), when Century City Doctors Hospital ("Debtor" or "Century City Doctors Hospital") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. The Plaintiff is Richard K. Diamond in his capacity as the Chapter 7 Trustee of the Debtor's estate ("Plaintiff" or "Trustee").

6. Plaintiff brings this adversary proceeding solely in his capacity as Chapter 7 trustee.

7. Plaintiff is informed and believes and, based thereon, alleges that Defendant Capital Temp Funds, Inc. ("Defendant") is and at all times relevant herein was a corporation doing business in the State of California.

## GENERAL ALLEGATIONS

8. Section 101(54) of the Code applicable to this case defines the term "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

9. Plaintiff is informed and believes and, based thereon, alleges, that the Debtor made transfers to the Defendant totaling no less than $359,268.94 including, but not limited to, the transfers identified in Exhibit "1" attached hereto and incorporated herein by this reference (jointly and severally, "Subject Transfers").

-2-

353830.1 [XP]    0823318A

# FIRST CLAIM FOR RELIEF

(To Avoid and Recover Subject Transfers)

(11 U.S.C. §§ 547 and 550)

10. Plaintiff incorporates by this reference his allegations in Paragraphs 1 through 9, inclusive.

11. The Plaintiff is informed and believes and, based thereon, alleges that on or before the Petition Date the Debtor made transfers to the Defendant of not less than $359,268.94 including, but not limited to, $359,268.94 within ninety (90) days of the filing of the petition (the "Subject Transfers").

12. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers constituted a transfer of an interest of the Debtor in property to the Defendant.

13. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made to or for the benefit of the Defendant as a creditor of the Debtor.

14. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made for or on account of an antecedent debt owing by the Debtor to the Defendant before each such Subject Transfers was made.

15. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made each of the Subject Transfers while the Debtor was insolvent.

16. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made within 90 days prior to the Petition Date.

17. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers enabled the Defendant to receive more than the Defendant would receive if the Subject Transfers had not been made and the Defendant instead received payment on Defendant's claim only to the extent provided by Chapter 7 of the Bankruptcy Code.

18. Pursuant to Section 547(b) of the Code, Plaintiff may avoid the Subject Transfers.

19. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the

353830.1 [XP]     0823318A

1  maximum legal rate from and after the date of each Subject Transfer, in a sum according to proof,
2  which Plaintiff believes to be not less than $359,268.94.

### SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

20. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 9 inclusive, as though fully set forth herein.

21. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers with the actual intent to hinder, delay, or defraud one or more of its creditors.

22. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

23. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each Subject Transfer, in a sum according to proof, which Plaintiff believes to be not less than $359,268.94.

### THIRD CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

24. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 9 inclusive, as though fully set forth herein.

25. Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than a Plaintiff is informed and believes and, based thereon, alleges that at the time the Subject Transfers were made, the Debtor was either insolvent or became insolvent as a result of the Subject Transfers.

26. Pursuant to Section 548 of the Code, and applicable California law, Plaintiff is entitled to avoid the Subject Transfers.

27. Pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred under the Subject Transfers, plus interest thereon at the maximum

-4-

1  legal rate from and after the date of each Subject Transfer, in a sum according to proof, which
2  Plaintiff believes to be not less than $359,268.94.

## FOURTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfer)

28. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 9, inclusive, and paragraph 25, as though fully set forth herein.

29. Plaintiff is informed and believes and, based thereon, alleges that at the time of the Subject Transfers, the Debtor was engaged, or were about to engage, in business or a transaction or transactions for which their remaining assets were unreasonably small capital.

30. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

31. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each Subject Transfer, in a sum according to proof, which Plaintiff believes to be not less than $359,268.94.

## FIFTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers)

32. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 9 inclusive, and paragraph 25, as though fully set forth herein.

33. Plaintiff is informed and believes and, based thereon, alleges that the Debtor intended to incur, or believed or reasonably should have believed, that it would incur debts that would be beyond the ability to pay as such debts matured.

34. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

35. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the

-5-

Case 2:08-bk-23318-SB    Doc 435    Filed 06/28/10    Entered 06/28/10 10:15:20    Desc
Main Document    Page 6 of 13

maximum legal rate from and after the date of each Subject Transfer, in a sum according to proof, which Plaintiff believes to be not less than $359,268.94.

WHEREFORE, the Trustee prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the value of the property transferred in favor of the Plaintiff and against the Defendant in a sum subject to proof, but in any event no less than $359,268.94;

**ON THE SECOND THROUGH FIFTH CLAIMS FOR RELIEF AND EACH OF THEM:**

2. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the value of the property transferred in favor of the Plaintiff and against the Defendant in a sum subject to proof, but in any event no less than $359,268.94;

**ON ALL CLAIMS FOR RELIEF:**

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the respective Subject Transfers;

4. For costs of suit incurred; and

5. For such other relief as the Court deems just and proper.

Dated: June 24, 2010                    DANNING, GILL, DIAMOND & KOLLITZ, LLP


By:     /s/ Matthew F. Kennedy
        Matthew F. Kennedy
        Attorneys for Richard K. Diamond,
        Chapter 7 Trustee

353830.1 [XP]        0823318A

# EXHIBIT "1"

**Century City Doctor's Hospital**

| Payee | Reference Number | Issue Date | Clear Date | Preference Amount |
|---|---|---|---|---|
| Capital Temp Funds | wire | 06/02/08 | 06/02/08 | 41,069.25 |
| 15800 John J. Delaney Drive | wire | 06/02/08 | 06/02/08 | 20,000.00 |
| Charlotte, NC  28277 | wire | 06/05/08 | 06/05/08 | 40,263.94 |
| | wire | 06/13/08 | 06/13/08 | 5,000.00 |
| | wire | 06/16/08 | 06/16/08 | 5,000.00 |
| | wire | 06/18/08 | 06/18/08 | 34,623.75 |
| | wire | 07/02/08 | 07/02/08 | 20,000.00 |
| | wire | 07/11/08 | 07/11/08 | 17,500.00 |
| | wire | 07/16/08 | 07/16/08 | 30,000.00 |
| | wire | 07/16/08 | 07/16/08 | 25,000.00 |
| | wire | 07/17/08 | 07/17/08 | 15,000.00 |
| | wire | 07/18/08 | 07/18/08 | 10,000.00 |
| | wire | 07/24/08 | 07/24/08 | 10,000.00 |
| | wire | 07/25/08 | 07/25/08 | 20,000.00 |
| | wire | 07/30/08 | 07/30/08 | 15,000.00 |
| | wire | 07/31/08 | 07/31/08 | 12,909.50 |
| | wire | 08/05/08 | 08/05/08 | 10,000.00 |
| | wire | 08/08/08 | 08/08/08 | 7,902.50 |
| | wire | 08/12/08 | 08/12/08 | 10,000.00 |
| | wire | 08/14/08 | 08/14/08 | 10,000.00 |
| **TOTAL** | | | | **359,268.94** |

Doc#: 7j9#01!.XLS

EXHIBIT 

B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Richard K. Diamond, Chapter 7 Trustee | Capital Temp Funds |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Howard Kollitz, Matthew F. Kennedy<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-0077   Facsimile: (310) 277-5735 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid and Recover Value of Preferential Transfers, and Fraudulent Transfers.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 1  12-Recovery of money/property - §547 preference
☒ 2  13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint    Demand  $ 359,268.94

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Century City Doctors Hospital, LLC | BANKRUPTCY CASE NO.<br>2:08-bk-23318-SB/PC ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Samuel L. Bufford |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

DATE 6/28/2010

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
Matthew F. Kennedy

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nums and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| HOWARD KOLLITZ (State Bar No. 059611)<br>MATTHEW F. KENNEDY (State Bar No. 199485)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735<br>*Attorney for Plaintiff* Richard K. Diamond, Chapter 7 Trustee | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>CENTURY CITY DOCTORS HOSPITAL, LLC<br><br>Debtor. | CHAPTER 7<br><br>CASE NUMBER 2-08-bk-23318-SB<br><br>ADVERSARY NUMBER |
|---|---|
| RICHARD K. DIAMOND, Chapter 7 Trustee<br>Plaintiff(s),<br>vs.<br>CAPITAL TEMP FUNDS, INC.<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:** September 28, 2010    **Time:** 9:30 a.m.    **Courtroom:** 1539    **Floor:** 15th Floor

☒ 255 East Temple Street, Los Angeles
☐ 411 West Fourth Street, Santa Ana
☐ 21041 Burbank Boulevard, Woodland Hills
☐ 1415 State Street, Santa Barbara
☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)    **F 7004-1**

American LegalNet, Inc.
www.FormsWorkFlow.com

F 7004-1

| In re (SHORT TITLE) CENTURY CITY DOCTORS HOSPITAL, LLC   Debtor(s). | CASE NO.: 2:08-bk-23318-SB/PC Adv. Case No. |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____    _____    _____

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:08-bk-23318-SB    Doc 435    Filed 06/28/10    Entered 06/28/10 10:15:20    Desc
Main Document    Page 13 of 13
Summons and Notice of Status Conference - Page 2

F 7004-1

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1

American LegalNet, Inc.
www.FormsWorkFlow.com